# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAINBOW TROUT FARMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-1260-JAR-GLR |
| ) | |
| MICHAEL J. KUNTZ, JONE D. KUNTZ, ) | |
| CHARLES A. KUNTZ, and DEBRORAH ) | |
| L. SCHOENBERGER, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Consolidate (Doc. 7) with *Oil Producers Inc. of Kansas v. Rainbow Trout Farms, Inc.*, Case No. 12-CV-1452-RDR-KGS. Defendants Michael J. Kuntz, Jone D. Kuntz, Charles A. Kuntz, and Deborah L. Schoenberger (the "Kuntz Defendants") oppose consolidation (Doc. 8). The motion is fully briefed and the Court is prepared to rule. As explained in detail below, the Court denies Plaintiff's motion without prejudice.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The decision whether to consolidate is left to the sound discretion of the trial court.[1] "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[2] "The court generally weighs the saving of time and effort that consolidation

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

would produce against any inconvenience, delay, or expense that consolidation would cause."[3] Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[4] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[5]

Plaintiff's sole argument in support of consolidation is that the two cases involve the construction and interpretation of several conflicting oil and gas leases in Gove County, Kansas, involving the same real estate, mineral interest, and parties. The Kuntz Defendants contend that the two lawsuits involve separate, distinct transactions that do not arise out of the same set of operative facts and that the two lawsuits involve different questions of law. Defendants also argue that Plaintiff does not advance any argument to establish consolidation would promote judicial economy or any injury it would suffer if consolidation were denied, and that Defendants intend to file a motion to dismiss for lack of subject matter jurisdiction because the amount in controversy does not satisfy the dollar amount for diversity jurisdiction. Plaintiff did not file a reply addressing the issues raised by Defendants, and the time to do so has expired.[6]

The Court finds that judicial economy would not be served by consolidation at this time, even for purposes of discovery. Because this case is potentially subject to dismissal for lack of

---

[3]*C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

[4]*Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[5]*Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citation omitted).

[6]*See* D. Kan. R. 6.1(d)(1) (requiring a reply to a non-dispositive motion to be filed within fourteen (14) days of the response).

subject matter jurisdiction prior to discovery or claim construction, the Court does not find that consolidation with the *Oil Producers* case would be efficient. The Court finds that judicial efficiency is best served by deciding any motions to dismiss prior to any consolidation. If the Court ultimately denies the motion to dismiss, Plaintiff may renew its motion for consolidation. In so ruling, the Court notes that Plaintiff is expected to meet its burden to establish, in detail, that the factors to be considered by the Court weigh in favor of consolidation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Consolidate (Doc. 7) is **denied without prejudice**.

**IT IS SO ORDERED**.

Dated: March 4, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE