**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **RAINBOW TROUT FARMS , INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL J. KUNTZ, ET AL.** )<br>)<br>**Defendant.** )<br>_____) | **Case No. 12-01260-JAR-GLR** |

**MEMORANDUM AND ORDER**

Plaintiff Rainbow Trout Farms filed this action against Defendants Michael J. Kuntz and Jone D. Kuntz, arising out of a contract dispute for mineral rights and executive leasing rights. This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. 24) and Defendants' Cross Motion for Summary Judgment (Doc. 29). The motions are fully briefed and the Court is prepared to rule. For the reasons stated below, the Court **denies** Plaintiff's motion and **grants** Defendants' cross-motion.

**I.   Uncontroverted Facts**

On October 23, 2008, Plaintiff purchased real estate (the "Property") in Gove County, Kansas from Defendants. Defendants reserved a portion of their mineral interests in the Property by contract and warranty deed. The Real Estate Purchase Agreement (the "Contract") provided as follows:

> Minerals: an undivided One Half (½) of the Seller's mineral interest will be reserved by the Seller for a period of Ten (10) years and as long thereafter as production exists. If the transaction hereto is successful in Closing[,] Buyer shall have executive leasing rights. This mineral interest is on all but the producing acreage at the time this contract is executed.[1]

---

[1] Doc. 25, Ex. 1, ¶ 12.

The Correctional Warranty Deed (the "Deed)", solely changing the name of the purchaser of the Property to Plaintiff's name, was filed on January 29, 2009 with the Register of Deeds of Gove County, Kansas.  The Deed provided in part: "EXCEPTING AND RESERVING to Grantors, Michael J. Kuntz and Jone D. Kuntz, husband and wife, an undivided one-half of their oil and gas interest for a period of ten years from December 1, 2008, and as long thereafter as production exists."[2]  While the Contract contemplated executive leasing rights, the Deed did not.

Defendants and Plaintiff leased their interests in the Property for oil and gas exploration by separate agreements to third parties.   Defendants Michael J. Kuntz and Jone D. Kuntz then transferred a portion of their oil and gas interest in the Property to Defendants Charles A. Kuntz and Deborah Schoenberger by quitclaim deed.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[3]  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[4]  "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[5]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[6]  An issue

---

[2]*Id.*, Ex. 2 at *1.

[3]Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[4]*City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[5]*Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[6]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[7]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[8] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[9]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[10] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[11] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[12] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[13] Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge

---

[7]*Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[8]*Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[9]*Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[10]*Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[11]*Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[12]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[13]*Adams*, 233 F.3d at 1246.

and shall set forth such facts as would be admissible in evidence.[14]  The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[15]

"Where, as here, the parties file cross motions for summary judgment, [the Court is] entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts."[16]  Cross motions should be considered separately.[17]  Just because the Court denies one does not require that it grant the other.[18]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[19]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[20]

## III.  Discussion

Plaintiff moves for partial summary judgment based on the following: (1) the Contract

---

[14]Fed. R. Civ. P. 56(c)(4).

[15]*Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[16]*James Barlow Family Ltd. P'ship v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted).

[17]*Ultra Clean Holdings, Inc. v. TFG-Cal., L.P.*, 534 F. App'x 776, 780 (10th Cir. 2013) (quoting *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979)).

[18]*Id.*

[19]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[20]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

executed by Plaintiff and Defendants Jone and Michael Kuntz transferred executive leasing rights as to the Property that were exclusive and (2) Defendants subsequent leasing of the Property to a third party for oil and gas exploration breaches their Contract with Plaintiff.  In turn, Defendants filed cross-motions for summary judgment as to the same claims.  The Court will address each argument in turn.

First, Plaintiff argues that the Contract transferred *exclusive* executive leasing rights, including the right to receive bonus payments and delay rentals, to Plaintiff.  "The cardinal rule of contract interpretation is that the court must ascertain the parties' intention and give effect to that intention when legal principles so allow."[21]  Where a contract is complete and unambiguous on its face, the court must determine the intent of the parties from the four corners of the document, without regard to extrinsic or parol evidence.[22]  The construction of a written contract is a question of law, as is whether a contract is ambiguous.[23]  "To be ambiguous, a contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language."[24]  The fact that the parties do not agree over the meaning of terms does not in and of itself prove that the contract is ambiguous.[25]

The Contract is unambiguous and complete with respect to the transfer of executive leasing rights over the Property to Plaintiff.  The Contract provided that Plaintiff "shall have

---

[21]*Kay-Cee Enter., Inc. v. Amoco Oil Co.*, 45 F. Supp. 2d 840, 843 (D. Kan. 1999) (citing *Hollenbeck v. Household Bank*, 829 P.2d 903, 903 (Kan. 1992)).

[22]*Id.* (citing *Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 887–88 (Kan. 1992)).

[23]*See, e.g.*, *Ponds ex rel. Poole v. Hertz Corp.*, 158 P.3d 369, 372 (Kan. Ct. App. 2007).

[24]*Gore v. Beren*, 867 P.2d 330, 337 (Kan. 1994) (quotation omitted).

[25]*Ryco Packaging Corp. v. Chapelle Int'l, Ltd.*, 926 P.2d 669, 674 (Kan. Ct. App. 1996).

executive rights" if the sale closes. The parties do not dispute that Plaintiff has executive rights as to the Property, rather they dispute the extent of those rights.[26] While the Contract grants executive leasing rights to Plaintiff upon closing, it does not state that those rights are *exclusive*.[27] Plaintiff cites to inapt legal authority from jurisdictions outside of Kansas to argue that executive leasing rights are always exclusive as a matter of law. The Contract does not state that the executive rights were exclusive nor have Kansas courts held the same as a matter of law. Plaintiff also argues that the Contract is unambiguous but offers a purported counter-offer as parol evidence to controvert Defendants' additional facts (not under consideration by the Court) to show that the parties intended Plaintiff's executive leasing rights to be exclusive. "Under the parol evidence rule, if a written contract is ambiguous concerning a specific matter in the agreement, facts and circumstances existing prior to and contemporaneously with its execution are relevant to clarify intent and the purpose of the contract in that regard, but *not* for the purpose of varying and nullifying its clear and positive provisions."[28] Because the Court finds that the Contract is unambiguous, the Court declines to allow introduction of parol evidence to vary or nullify its provisions. While Plaintiff opines that the Contract grants exclusive executive rights, that is not a natural or reasonable interpretation because no such language exists in its four corners nor is that position supported by Kansas law. The Court finds the Contract was complete and unambiguous and did not transfer to Plaintiff executive rights over the Property that were

---

[26]Because Defendants reserved an undivided half of their mineral interests in the Property, whether or not Plaintiff's executive rights were exclusive determines whether Defendants were unequivocally allowed to lease their interest in the Property for oil and gas exploration.

[27]*But see, e.g., Shade v. Farmers State Bank of Bucklin*, No. 87-1244-K, 1989 WL 46237 at *1 (D. Kan. Apr. 27, 1989) (the warranty deed provided that buyer "shall have the sole, *exclusive*, full and complete power, authority and right to lease said real estate for oil, gas, or other mineral purposes") (emphasis added).

[28]*Stauth v. Brown*, 734 P.2d 1063, 1069 (Kan. 1987).

6

exclusive.

Moreover, because the Deed was accepted as performance of the conditions of the Contract, the provisions regarding conveyance of the Property are merged into the Deed. As here, "[w]hen a deed is delivered and accepted as performance of a contract to convey, the contract is presumed to be merged in the deed."[29] Plaintiff contends that the Deed is ambiguous and thus, any ambiguity should be construed in favor of Plaintiff as the grantee.[30] But Plaintiff does not and cannot point to any language in the Deed by which the Court could conclude that the Deed was ambiguous. Nor does Plaintiff point to any provisions by which it received exclusive executive leasing rights. In fact, the Deed does not contemplate executive leasing rights at all, thereby supporting the inference that the parties did not intend for Plaintiff to obtain exclusive executive leasing rights over the Property.[31] The Court finds that the Deed was accepted as performance of the conditions of the Contract; and, Plaintiff did not obtain exclusive executive leasing rights by Deed since the Deed contains no such provisions.

Defendants retained executive leasing rights as to their reserved interest in the mineral estate. Under Kansas law, part of ownership of a mineral interest includes the executive or leasing right.[32] "The owner of a mineral estate owns the minerals in place, i. e., in the ground."[33]

---

[29]*McGinty v. Hoosier*, 239 P.3d 843, 855 (Kan. 2010) (internal quotation and citation omitted); *see also Webb v. Graham*, 510 P.2d 1195, 1197 (Kan. 1973) (collecting cases).

[30]*Keller v. Ely*, 391 P.2d 132, 135 (Kan. 1964).

[31]*See McGinty*, 239 P.3d at 855–56 (2010) (explaining that "if an agreement provides for a mineral reservation, but the deed contains no provision for a mineral reservation, the inference is that the agreement for a mineral reservation was waived and superseded by the deed.") (internal quotation and citation omitted).

[32]*Drach v. Ely*, 703 P.2d 746, 750 (Kan. Sup. Ct. 1985); *see Compton v. People's Gas Co.*, 89 P. 1039, 1040 (Kan. Sup. Ct. 1907) (holding that cotenants of an undivided mineral estate have a nonexclusive right to enter into an oil and gas lease).

[33]*Krug v. Krug*, 618 P.2d 323, 325 (Kan. Ct. App. 1980).

Because Defendants retained an undivided ½ interest in the mineral estate, they also retained executive or leasing rights as to that interest.  The Court therefore denies summary judgment to Plaintiff and grants summary judgment in favor of Defendants on the issue of executive leasing rights.

Since the Court finds that Plaintiff's executive leasing rights were not exclusive and Defendants retained executive leasing rights as to their undivided mineral interest, the Court need not reach the question of whether Defendants breached the Contract with Plaintiffs by entering into subsequent oil and gas leases of Defendants' interest in the Property.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Partial Summary Judgment (Doc. 24) is **DENIED** and Defendants' Cross Motion for Summary Judgment (Doc. 29) is **GRANTED** as set forth in this Memorandum and Order.

Dated: June 12, 2014

                                               S/ Julie A. Robinson

                                               JULIE A. ROBINSON

                                               UNITED STATES DISTRICT JUDGE